**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

James L. Robinson, Jr., Janet Robinson, and
Karin Robinson,
Defendants Below, Petitioners

**vs.)  No. 22-0016** (Harrison County 19-C-1-2)

David W. Robinson, individually and as
Executor of the Estate of Teresa Robinson Scott,
Plaintiff Below, Respondent

## MEMORANDUM DECISION

Petitioners James L. Robinson, Jr. ("James"), his wife Janet Robinson ("Janet"), and their daughter Karin Robinson ("Karin") appeal the circuit court's denial of their motion for a new trial following a unanimous jury verdict in a suit filed by James's brother, David W. Robinson ("David").[1] In the suit, David asserted various claims arising from his allegation that petitioners exerted undue influence over James and David's mother, Teresa Robinson Scott ("Ms. Scott"), and thereby obtained certain assets belonging to her or her estate, as well as assets from the estate of their grandmother, Flota Hastings. The jury found that James and Janet conspired, committed fraud, and breached their fiduciary duty, and that all petitioners committed conversion. After the circuit court entered a judgment order in accordance with the jury's findings, petitioners filed their motion for a new trial, which the circuit court denied. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. Proc. 21.

James and David are the only children of Ms. Scott, who survived her mother-in-law, Flota Hastings; her first husband, James Robinson, Sr.; and her second husband, William ("Bill") Scott. Ms. Scott was diagnosed with Alzheimer's disease in 2007, and it is undisputed that petitioners helped with various aspects of Ms. Scott's life throughout her cognitive decline until her death in 2017. Under her will, most of Ms. Scott's assets were to be divided equally between her sons. On January 2, 2019, David filed a complaint alleging that petitioners committed fraud, conversion, breach of fiduciary duty, negligence, and civil conspiracy; he also demanded equitable relief and an accounting of the subject estates. Based upon the jury's findings of fraud, breach of fiduciary duty, and conversion, the jury awarded David $30,000 against James and $30,000 against Janet.

---

[1] Petitioners are represented by Thomas W. Kupec, and David is represented by Daniel C. Cooper and Jamison H. Cooper.

1

In addition, the jury concluded, by clear and convincing evidence, that petitioners exerted undue influence over Ms. Scott in order to obtain certain real property, financial accounts, and stocks such that the transfers should be voided by the court. However, because the jury found that petitioners did not act with malice toward respondent, no punitive damages were awarded.

Petitioners' motion for a new trial was only two pages and failed to identify under what rule(s) the motion was filed. In its December 8, 2021, order denying that motion, the circuit court found that petitioners' motion for a new trial was

> woefully deficient as it fails to provide any legal authority relied upon in requesting a new trial or, at least, a hearing on their motion and further proffers only undefined arguments and generalized conclusory statements with regard to any showing of "undue influence" evidentiary matters at trial, an unspecified statute of limitations, and certain [c]ourt rulings.

It went on to find that while petitioners set forth four bases for their motion, "[o]nly as to their first basis (i.e., 'misrepresentation') do [petitioners] even attempt to initially proffer some argument in support of their conclusory statement against [respondent] and even then, such argument is best described as 'scant'. . . ." In denying the motion for a new trial, the circuit court found that the jury verdict and final judgment order were not "against the clear weight of the evidence, not based on false evidence, and [did] not result in a miscarriage of justice." Petitioners appeal from that order.

> [I]t is well-established that "'[a]lthough the ruling of a trial court in granting or denying a motion for a new trial is entitled to great respect and weight, the trial court's ruling will be reversed on appeal when it is clear that the trial court has acted under some misapprehension of the law or the evidence.' Syllabus point 4, *Sanders v. Georgia-Pacific Corp.*, 159 W. Va. 621, 225 S.E.2d 218 (1976)." Syllabus Point 3, *Carpenter v. Luke*, 225 W. Va. 35, 689 S.E.2d 247 (2009). In other words, our standard of review for a trial court's decision regarding a motion for a new trial is abuse of discretion. *Marsch v. American Elec. Power Co.*, 207 W. Va. 174, 180, 530 S.E.2d 173, 179 (1999).

*MacDonald v. City Hosp., Inc.*, 227 W. Va. 707, 715, 715 S.E.2d 405, 413 (2011).

*Contemp. Galleries of W. Virginia, Inc. v. Riggs Com. Realty, LLC*, 246 W. Va. 431, ---, 874 S.E.2d 34, 38 (2022).

Despite the circuit court pointing out the obvious deficiencies in petitioners' motion for a new trial in its order denying the same, on appeal, petitioners fail to comply with the Rules of Appellate Procedure throughout their brief before this Court. Rule 10(c)(4) of the West Virginia Rules of Appellate Procedure requires a "Statement of the Case" that is "[s]upported by appropriate and specific references to the appendix or designated record, the statement of the case must contain a concise account of the procedural history of the case and a statement of the facts of the case that are relevant to the assignments of error." However, petitioners fail to set forth a single citation to

the record in their statement of the case. Further, petitioners' brief does not comply with Rule 10(c)(7), which requires as follows:

> The brief must contain an argument clearly exhibiting the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Intermediate Court and the Supreme Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Although petitioners set forth four assignments of error, they break their argument into three sections. In the first section, addressing evidence related to petitioners' handling of Bill Scott's assets and his estate, prior to Ms. Scott's death, petitioners include five citations to the record. However, petitioners make multiple factual assertions without citation to the record. For instance, arguing that certain evidence should not have been admitted at trial, petitioners fail to cite to the record for their contention that "none of this alleged evidence [David's] attorney used to justify it's [sic] admission was truthful . . . . When [David] did testify about it, he testified that [p]etitioners stole money from Bill Scott . . . ." Continuing without citation to the record, petitioners make additional assertions as to an unidentified motion they made and the trial court's decision on that motion.

In the section addressing petitioners' argument regarding statute of limitation issues, petitioners fail to cite to the record even once or set forth any law in support of their argument. Moreover, they fail to identify what statute of limitations they believe should have applied to bar David's claims, and while they hint at the discovery rule, they fail to address the applicability of that rule to the facts of this case.[2] Finally, while petitioners argue that there is a lack of clear and convincing evidence to support the verdict, discussing what the evidence did or did not show, they cite to the record only once in this section. Potentially important assertions, such as that "[i]t was undisputed that [Ms. Scott] did not give [p]ower of [a]ttorney until later in life and that it was never used" and that the circuit court "talked about undue influence and held what is necessary to vitiate and annul a [d]eed," are not supported with citations to the record.

As this Court recently stated,

---

[2] "In tort actions, unless there is a clear statutory prohibition to its application, under the discovery rule the statute of limitations begins to run when the plaintiff knows, or by the exercise of reasonable diligence, should know (1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury." Syllabus Point 4, *Gaither v. City Hosp., Inc.*, 199 W.Va. 706, 487 S.E.2d 901 (1997).

Syl. Pt. 3, *Dunn v. Rockwell*, 225 W. Va. 43, 689 S.E.2d 255 (2009).

[w]e recognize that an appellate lawyer operates within the constraints of a client's wishes and checkbook. However, those constraints do not obviate the Rules of Appellate Procedure. "As advocate, a lawyer zealously asserts the client's position *under the rules of the adversary system.*" Preamble, W. Va. Rules of Professional Conduct (2015) (emphasis added). Likewise, this Court is entitled to strict adherence to the Rules of Appellate Procedure; compliance with the Rules is essential to our ability to carefully review and fairly decide cases. Because the legal issues implicated by the parties were not addressed in a manner compliant with Rule 10, we decline to address them.

*City of Martinsburg v. Cnty. Council of Berkeley Cnty.*, No. 21-0579, 2022 WL 14764190, __ W. Va. __, __ S.E.2d __ at *3 (W. Va. Oct. 26, 2022). Here, petitioners failed to adequately support their motion for a new trial before the circuit court and ignore many of the mandates of the West Virginia Rules of Appellate Procedure in this appeal. Therefore, we decline to address the merits of these arguments.

Affirmed.

**ISSUED:** January 18, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

4